UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAELA DIETRICH,

     Plaintiff,

v.

TRI-PILLAR CONTRACTORS LLC, a
Florida limited liability company, and
ERROL JOSEPH SMITH, JR.,
individually,

     Defendants.

Case No. 2:25-cv-00182

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MICHAELA DIETRICH ("Plaintiff" or "Dietrich") sues Defendants,

TRI-PILLAR CONTRACTORS LLC, ("TPC"), and ERROL JOSEPH SMITH, JR.,

individually ("Smith"), (herein collectively "Defendants"), and states as follows:

### CAUSES OF ACTION

1.     This is an action brought under the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C.§ 201, et. seq. (FLSA) and Florida common law.

### PARTIES

2.     Plaintiff is an individual who currently resides in Lee County, Florida.

3.     Defendant Tri-Pillar Contractors LLC is a limited liability company with

its principal place of business located in Naples, Collier County, Florida.

4.     Defendant Errol Joseph Smith, Jr. is an individual who resides in Naples,

Collier County, Florida.

CALCIANO PIERRO, PLLC

## JURISDICTION AND VENUE

5.      Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216 (b) because this action involves a federal question under the Fair Labor Standards Act.  Jurisdiction over the state law claims set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

6.      Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendants resided in and/or conducted business in, and all significant events giving rise to Plaintiff's claims occurred within Collier County. Florida.

7.      Venue is proper in the Fort Myers Division because the action accrued in Collier County over which the Fort Myers Division has jurisdiction.

8.      All conditions precedent to maintaining this action have been performed, have occurred, have been excused, have been waived, or are futile.

## GENERAL ALLEGATIONS

9.      Defendant TPC is in the business of kitchen and bathroom remodeling.

10.     Plaintiff was formerly employed by Defendant TPC as a Lead Generator, Designer and Estimator from March 18, 2023 through August 2, 2024.

### FLSA Coverage

11.     At all times material hereto, Defendant TPC was "an enterprise engaged in commerce" and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees.

12.    At all times relevant, Defendant TPC had annual gross revenues of at least $500,000.00.

13.    At all times relevant, Defendant TPC employed two or more individuals who, in the course and scope of their employment, handled items that were manufactured outside of the state and moved through interstate commerce.

14.    At all times material hereto, Defendant Smith was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

15.    Defendant Smith exercised complete dominion and control over employee wages, hours, and working conditions including those of Plaintiff.

16.    Defendant Smith devised and implemented all employee pay policies of the company including those directly affecting Plaintiff.

17.    At all times material hereto, Plaintiff was an FLSA non-exempt employee entitled to payment of at least the federal minimum wage for all regular hours worked.

### Terms and Conditions of Employment

18.    Defendants promised to pay Plaintiff:

    a.    Hourly wage: $30.00; and

    b.    Commissions: 1% or 5% depending upon the intricacy of the project.

19.    Plaintiff's job duties included going to the houses of potential clients, taking photos, and gathering information necessary to prepare quotes. Plaintiff also followed up with customers, worked in Defendants' store, and gathered sales leads.

20.    Plaintiff's work schedule was generally forty (40) hours per week.

CALCIANO PIERRO, PLLC

21. At all times material, Defendants followed a one-week pay schedule.

### Failure to Pay Promised Compensation

22. Despite the contractual obligation to pay the promised commissions and hourly wages, Defendants have failed to pay Plaintiff her earned compensation in full.

23. For multiple workweeks, Defendants failed to pay Plaintiff wages of any kind let alone the agreed compensation.

24. Plaintiff is currently owed earned commissions of approximately $6,000.00.

25. Her unpaid hourly wages total in excess of $16,000.00.

26. Notably, on January 12, 2024, Plaintiff received a notice from her credit union that her paycheck had been "returned unpaid" due to insufficient funds.

27. She was again notified that her paycheck was returned for insufficient funds on February 27, 2024.

28. Additional paychecks were subsequently returned for insufficient funds on March 11, 2024, April 8, 2024, May 13, 2024, May 22, 2024, and May 30, 2024.

29. To date, Defendants have failed to make good on four returned checks each in the amount of $1,001.10.

### Failure to Pay Federal Minimum Wages

30. On account of Defendants' failure to pay Plaintiff wages of any kind for multiple workweeks, Defendants have violated the FLSA by failing to pay Plaintiff at least the federal minimum wage for all regular hours worked.

4

31. Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

## COUNT I
### *(Breach of Contract – Failure to Pay Earned Hourly Wages and Entitlement to Attorney's Fees under Fla. Stat. § 448.08- Against Defendant TPC)*

32. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 31.

33. Plaintiff performed all conditions precedent to receipt of the promised compensation.

34. Defendant TPC's failure to pay Plaintiff the earned compensation in full constitutes a breach of a contract.

35. Defendant TPC's breach has damaged Plaintiff by denying full compensation for the work performed.

36. Because the unpaid compensation constitutes wages, Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendant TPC for unpaid contractual pay plus prejudgment interest together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

## COUNT II
### *(Failure to Pay Minimum Wages in violation of the FLSA, 29 U.S.C. Section 206- Against All Defendants)*

37. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 31.

38.    The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage. 29 U.S.C. § 206(a).

39.    During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to payment of at least the federal minimum wage for each regular hour worked in a workweek.

40.    For multiple workweeks, Defendants willfully failed to compensate Plaintiff at an effective hourly wage which was at least equal to the federal minimum wage.

41.    Defendants owe Plaintiff unpaid federal minimum wages plus an additional amount in the way of liquidated damages equal to the unpaid minimum wages.

42.    Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid minimum wages plus an equal amount in the way of liquidated damages, prejudgment interest together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT III
*(Breach of Contract – Failure to Pay Commissions Earned and Entitlement to Attorney's Fees under Fla. Stat. § 448.08- Against Defendant TPC)*

43.    Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations in paragraphs 1 through 31.

6

44.     Defendant TPC agreed to pay Plaintiff commissions of 1% or 5% depending upon the intricacy of the work to be performed.

45.     Plaintiff performed all conditions precedent to her receipt of the promised earned commissions.

46.     However, Defendant TPC has not paid Plaintiff's earned commissions in full.

47.     Defendant TPC's failure to pay Plaintiff her earned commissions in full constitutes a breach of contract.

48.     Defendant TPC's breach has damaged Plaintiff by denying her benefit of the bargain, *i.e.* earned commissions.

49.     Because the unpaid commissions constitute unpaid wages, Plaintiff is entitled to recover her reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendant TPC for unpaid contractual pay plus prejudgment interest together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

## COUNT III
*(Civil Action for Worthless Checks in Violation of § 68.065- Against All Defendants)*

50.     Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 32.

51.     Defendants made, drew, or issued checks, drafts, or orders of payment to Plaintiff.

52.     Defendants issued four separate checks to Plaintiff Michaela Dietrich, each in the amount of $1,001.10, drawn upon Suncoast Credit Union, on the dates of March 1, 2024, April 26, 2024, May 3, 2024, and March 17, 2024.

53.     The checks were dishonored upon presentation.

54.     All four checks issued by Defendants to Plaintiff were dishonored due to insufficient funds when Plaintiff attempted to cash or deposit them.

55.     Plaintiff gave statutory written notice of dishonor to Defendants. **(Exhibit A)**.

56.     Defendants failed to pay the amount of the checks plus a service charge within 30 days after receiving the notice.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

a)     For the amount owing upon the payment instruments in the sum of $4,004.40;

b)     For damages of triple the amount owing, pursuant to § 68.065. Actions to collect worthless payment instruments; attorney fees and collection costs., in the amount of $12,013.20;

c)     For court costs incurred in taking this action, pursuant to § 68.065. Actions to collect worthless payment instruments; attorney fees and collection costs.;

d)   For reasonable attorney fees incurred in taking this action, pursuant to § 68.065. Actions to collect worthless payment instruments; attorney fees and collection costs.;

e)   For service charges as specified in § 68.065. Actions to collect worthless payment instruments; attorney fees and collection costs.;

f)   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 5th day of March 2025.          Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com