```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

MICHAELA DIETRICH,

       Plaintiff,

v.                                  Case No: 2:25-cv-182-JES-NPM

TRI-PILLAR CONTRACTORS LLC,
a Florida limited liability
company, and ERROL JOSEPH
SMITH, JR., individually,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Entry of a Default Judgment (Doc. #14) filed on July 29, 2025. No response has been filed, and the time to respond has expired. Subject matter jurisdiction is premised on the presence of a federal question. 28 U.S.C. § 1331.

*I.*

On March 5, 2025, plaintiff filed a Complaint (Doc. #1) under the Fair Labor Standards Act of 1938 (FLSA) against defendants to recover unpaid hourly wages, minimum wages, commissions earned, judgment for worthless checks, and attorneys' fees under Florida law. In Count I, plaintiff seeks relief for a breach of contract and for attorney's fees under Fla. Stat. §448.08 against defendant Tri-Pillar Contractors LLC only. In Count II, plaintiff seeks to recover minimum wages under the FLSA against both defendants. In

Count III, plaintiff alleges a breach of contract for failure to pay commissions earned and for attorney's fees under Fla. Stat. §448.08 against defendant Tri-Pillar Contractors LLC only.  In Count IV[1], plaintiff seeks to recover under Florida law for worthless checks as to both defendants.

On March 15, 2025, service was executed on both defendants. (Docs. ## 8-9.)  After service of process, and finding no appearance by defendants, plaintiff filed a Motion for Clerk's Default (Doc. #10) pursuant to Fed. R. Civ. P. 55(a).  A Clerk's Entry of Default (Doc. #11) was issued on May 1, 2025, pursuant to Fed. R. Civ. P. 55(a).

On June 9, 2025, plaintiff filed an Amended Complaint and served it by U.S. Mail on both defendants.  (Doc. #12, p. 10.) "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2).  "[T]he addition of new factual allegations does not" require service under Rule 4. <u>Endurance Am. Specialty Ins. Co. v. Joy Grocery, Inc.</u>, No. 6:15-CV-1906-ORL-31DCI, 2017 WL 6816614, at *3 (M.D. Fla. Dec. 15, 2017), <u>report and recommendation adopted</u>, No. 6:15-CV-1906-ORL-31DCI, 2018 WL 309871 (M.D. Fla. Jan. 5, 2018) (citations omitted).

---

[1] This Count is mislabeled as a second Count III.

Plaintiff asserts that the Amended Complaint did not add any new counts or parties and "merely clarified the factual allegations in the original pleading." The Amended Complaint alleges the same claims under the same law, but in a different order. Because no new claims were asserted and the time to respond to the Amended Complaint has also expired, the facts in the Amended Complaint can be deemed admitted. See, e.g., Bank of Hope v. Dayk Enters., Inc., No. 2:20-CV-155-MHT-CWB, 2022 WL 18232136, at *2 (M.D. Ala. Dec. 14, 2022), report and recommendation adopted, No. 2:20CV155-MHT, 2023 WL 158881 (M.D. Ala. Jan. 11, 2023).

## II.

"The mere entry of a default by the clerk does not in itself warrant the entry of default by the Court. Rather the Court must find that there is sufficient basis in the pleadings for the judgment to be entered." GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citing Nishimatsu Construction v. Houston National Bank, 515 F. 2d 1200, 1206 (5th Cir. 1975)). A complaint must state a claim in order for default judgment to be granted. Id. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted. When a default judgment occurs, a defendant admits the plaintiff's well-pled allegations of fact. If liability is well pled, it is established

by virtue of a default judgment. <u>Buchanan v. Bowman</u>, 820 F.2d 359, 361 (11th Cir. 1987).

Defendant Tri-Pillar Contractors LLC (Tri-Pillar) is in the business of kitchen and bathroom remodeling in Naples, Florida. Tri-Pillar is an enterprise engaged in commerce and a covered employer subject to the wage and hour requirements of the FLSA. Tri-Pillar has annual gross revenues of at least $500,000 and employed two or more individuals who handled items that were manufactured outside of the state and through interstate commerce. Plaintiff was employed by Tri-Pillar as a lead generator, designer and estimator from March 18, 2023, through August 2, 2024, as an FLSA non-exempt employee. Defendant Errol Joseph Smith, Jr. (Smith) is an individual and an employer who exercised complete dominion and control over plaintiff and implemented all pay policies for Tri-Pillar.

Defendants promised to pay plaintiff $30 an hour and commissions from 1% to 5% of the customer contract price. Plaintiff generally worked a 40-hour workweek and defendants followed a one-week pay schedule. Despite an obligation to pay, defendants did not pay any compensation for the workweeks ending February 2, 2024, April 5, 2024, April 26, 2024, May 10, 2024, May 17, 2024, May 24, 2024, May 31, 2024, June 21, 2024, June 28, 2024, July 19, 2024, and July 30, 2024. Plaintiff is currently owed earned commissions and unpaid hourly wages in excess of $18,000.

For a number of these workweeks, defendants issued paychecks that bounced. Specifically, defendants issued four separate checks, each for $1001.10, drawn upon Suncoast Credit Union on March 1, 2024, April 26, 2024, May 3, 2024, and March 17, 2024, that were dishonored due to insufficient funds. Plaintiff incurred bank fees for the NSF checks.

In Count I, plaintiff seeks relief for a breach of contract for failure to pay earned hourly wages and for attorney's fees under Fla. Stat. §448.08 against defendant Tri-Pillar Contractors LLC only. In Count II, plaintiff alleges a breach of contract for failure to pay commissions earned and for attorney's fees under Fla. Stat. §448.08 against defendant Tri-Pillar Contractors LLC only. In Count III, plaintiff seeks to recover under Florida law for worthless checks as to both defendants. In Count IV, plaintiff seeks to recover minimum wages under the FLSA against both defendants.

**1. Breach of Contract (Counts I and II)**

Plaintiff seeks unpaid salary and commissions under a breach of contract theory. Plaintiff provided a Declaration laying out what was agreed and attached a spreadsheet reflecting the owed compensation.

"The elements of a breach of contract claim are (1) the existence of a contract; (2) a breach of the contract; and (3) causation of damages as a result of the breach." Cole v.

Plantation Palms Homeowners Ass'n, Inc., 371 So. 3d 413, 415 (Fla. 2d DCA 2023) (collecting cases). "To prove the existence of a contract under Florida law, the party seeking to enforce the contract must prove offer, acceptance, consideration, and sufficient specification of essential terms." CEFCO v. Odom, 278 So. 3d 347, 352 (Fla. 1st DCA 2019). The breach and resulting damages are undisputed. "Unlike the Fla. R. Civ. P. 1.130, there is no corresponding Federal Rule of Civil Procedure[1] that requires a copy of the contract be attached to a complaint alleging a breach of contract claim." Mancil's Tractor Serv., Inc. v. T&K Constr., LLC, No. 15-80520-CIV, 2015 WL 12866331, at *3 (S.D. Fla. July 28, 2015) (citations omitted). No contract is attached to the Complaint, Amended Complaint, or the motion but the Declaration provides defendants agreed to pay the hourly wage of $30 and commissions on a one-week schedule. (Doc. #14-1.) The Court finds this is sufficient for a default judgment.

Based on the spreadsheet attached to the Declaration regarding commissions and hourly wages, plaintiff earned $41,711.92 total ($7,128.92 in commissions and $34,583 in hourly wages), and after partial payment of earned compensation, plaintiff is owed $18,030.28. (Doc. #14-1 at 8-9.)

**2. Checks (Count III)**

In Count III, plaintiff seeks damages for worthless checks in violation of Fla. Stat. § 68.065. Plaintiff provided statutory

- 6 -

notice by U.S. Postal Priority Mail on November 20, 2024. Defendants failed to pay the amount of the checks plus a service charge within 30 days of receiving notice. Plaintiff seeks the amount owing on the instruments, triple statutory damages, costs, attorney fees, and a service charge. (Doc. #12 at ¶¶ 47-50.) The returned checks reflect that they were not paid due to insufficient funds. (Doc. #14-1, Exh. B.)

"In any civil action brought for the purpose of collecting a payment instrument, the payment of which is refused by the drawee because of lack of funds … the maker or drawer is liable to the payee, in addition to the amount owing upon such payment instrument, for damages of triple the amount so owing." Fla. Stat. § 68.065(3)(a). "The maker or drawer is also liable for any court costs and reasonable attorney fees incurred by the payee in taking the action." Id. The payee may also charge a service charge and bank fees incurred. Fla. Stat. § 68.065(3)(b).

Before recovery, a written demand must be delivered to the last known address as set forth in the statute. Fla. Stat. § 68.065(4). The statutory notice was provided. A Declaration of Paralegal Regarding Service of Notice of Demand for Payment of Worthless Checks verifies that the Notice was sent. (Doc. #12-3.) Defendant Tri-Pillar did not tender payment to satisfy the claim. The Court will grant a default judgment on Count III.

Each of the four checks that bounced were for $1,001.10, or $4,004.40 total. (Doc. #14-1 at 11-12 & Exh. B.) The applicable statute allows for treble damages for a total of $12,013.20.

### 3. **FLSA (Count IV)**

In Count IV, it is alleged that defendants owe unpaid federal minimum wages plus liquidated damages because plaintiff was a non-exempt employee covered by the FLSA and defendant failed to comply and pay wages. (Doc. #12 at ¶¶ 53-56.)

"Section 216(b) provides in relevant part, 'Any employer who violates the provisions of [29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages.'" Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 n.7 (11th Cir. 2011) (quoting 29 U.S.C. § 216(b)). "[T]he FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." Id. at 1298 (citations omitted). Plaintiff has filed suit against the employer Tri-Pillar and employee Smith who exercised dominion and control over wages, hours, and working conditions. (Doc. #12 at ¶ 15.)

"A plaintiff claiming unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or that the defendant is an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff a minimum wage or overtime compensation." Thompson v. Healthy Home Env't, LLC, No. 8:15-CV-2905-T-27JSS, 2016 WL 4472991, at *2 (M.D. Fla. July 27, 2016), report and recommendation adopted, No. 8:15-CV-2905-T-27JSS, 2016 WL 4473162 (M.D. Fla. Aug. 23, 2016) (citing Morgan v. Fam. Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). All of these elements are alleged in the Amended Complaint. The Court will grant the motion as to Count IV.

Plaintiff worked approximately 40 hours per week during her employment and was not paid for eleven workweeks for a total of $3,190, in unpaid minimum wages. (Doc. #14-1 at 5-6.) Plaintiff also seeks this amount in liquidated damages.

**4. Attorney Fees**

In Counts I and II, plaintiff seeks attorney fees under Florida law. Under the applicable statute, "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Fla. Stat. § 448.08. "Florida courts have held that unpaid commissions are unpaid wages within the meaning of Fla. Stat. § 448.08." Baker v. Fid. Mortg. Direct Corp., No. 8:10-CV-2596-T-24, 2011 WL 1560665, at *3 n.5

(M.D. Fla. Apr. 25, 2011) (citation omitted). Plaintiff is entitled to attorney fees under Fla. Stat. § 448.08 as to Counts I and II having established a breach of contract.

Plaintiff also seeks attorney fees as a prevailing party pursuant to 29 U.S.C. § 216(b) and Fla. Stat. § 68.065(3)(a), both providing for reasonable attorney fees.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Entry of a Default Judgment (Doc. #14) is **GRANTED** as follows: (A) $18,030.28 in unpaid hourly wages and commissions against Tri-Pillar; (B) $3,190.00 in unpaid minimum wages under the FLSA against defendants jointly and severally; (C) $3,190 in liquidated damages against defendants jointly and severally; and (D) $12,013.20 in treble damages for worthless checks against defendants jointly and severally.

2. The Clerk shall enter judgment accordingly in favor of plaintiff and against defendants, terminate all pending deadlines, and close the file.

3. Defendants shall complete Form 1.977 (Fact Information Sheet) pursuant to Fed. R. Civ. P. 69(a)(2)[2] within **FORTY-FIVE (45) DAYS** of this Opinion and Order.

---

[2] "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may

4. Plaintiff shall file a supplemental motion as to the amount of attorney's fees and costs within **FORTY-FIVE (45) DAYS** of the entry of Judgment pursuant to M.D. Fla. R. 7.01(c).

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of August 2025.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). In this case, plaintiff has elected to seek discovery under Fl. R. Civ. P. form 1.977.